MARTIN, Circuit Judge,
concurring:
Brian Keith Terrell was granted a Certificate of Appealability for his federal ha-beas appeal on two issues. I agree with the majority’s conclusion that Mr. Terrell does not ultimately succeed on either of his two claims for relief. I write separately, however, to address the Georgia Supreme Court’s analysis of Mr. Terrell’s second claim, which I understand to misstate clearly established precedent from the United States Supreme Court. My purpose here is simply to properly articulate the Supreme Court rule in this circumstance in order to protect against dilution of jurisprudence on this subject.
I.
In Mr. Terrell’s second claim for relief, he argues that his attorney, John Strauss, provided ineffective assistance of counsel by failing to adequately challenge the statutory aggravating circumstance of armed robbery. In evaluating an ineffective assistance of counsel claim, we must examine both whether Mr. Terrell’s counsel performed deficiently and if so, whether Mr. Terrell was prejudiced by that deficient performance. Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993). If Mr. Terrell fails to show either that his counsel performed deficiently or that he was prejudiced by that deficient performance, his ineffective assistance of counsel claim fails. Strickland v. Washington, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984).
Mr. Terrell was tried three times for the brutal murder of John Watson. Majority Op. at 1259-60; see also Terrell v. State (Terrell II), 276 Ga.34, 572 S.E.2d 595, 600 (2002). For his first trial, in addition to the malice murder and felony murder charges, the State charged Mr. Terrell with one count of armed robbery. In that first trial, the jury was not able to reach unanimous agreement on either the armed robbery charge or murder charges. Majority Op. at 1259-60; Terrell II, 572 S.E.2d at 600. When Mr. Terrell was tried for the second time, the State dropped the armed robbery count. But the State still relied on the armed robbery evidence when it asked the jury to find armed robbery as an aggravating circumstance during the penalty phase of the trial. Again, the second jury appeared to reject the state’s theory on armed robbery, to the extent that it did not find armed robbery as an aggravating circumstance. See Terrell v. State, 271 Ga. 783, 523 S.E.2d 294, 295 (1999) (Terrell I) (setting forth the two other aggravating circum *1271 stances found by the jury in the second trial).
Mr. Terrell’s argument is that Mr. Strauss performed deficiently because he abandoned this successful strategy at the third trial by failing to adequately challenge the armed robbery aggravator. In Mr. Terrell’s view, Mr. Strauss essentially conceded to the jury that an armed robbery had been committed. Again, this concession was in contrast to Mr. Strauss’s approach at trials one and two. And based on this concession, Mr. Terrell argues that the jury at his third trial arrived at a different conclusion than the juries from the first two trials, when it selected armed robbery as an aggravating factor to the murder charge.
The Georgia Supreme Court rejected Mr. Terrell’s argument that his counsel conceded the armed robbery, and indeed affirmatively found that Mr. Terrell’s counsel had made no such concession. Hall v. Terrell (Terell III), 285 Ga.448, 679 S.E.2d 17, 21 (2009). The Georgia Supreme Court interpreted counsel’s statement as simply speculation as to why some other person might have been at the scene of the murder. Id- Now the majority on this panel has agreed with the Georgia Supreme Court’s finding on this, adding that Mr. Terrell’s counsel challenged the evidence of the armed robbery during cross-examination of the various witnesses. Majority Op. at 1268-69.
If I were the fact-finder, I would come to a different conclusion about Mr. Strauss’s argument than did the Georgia Supreme Court and my colleagues on this panel. At Mr. Terrell’s first trial, Mr. Strauss vigorously argued to the jury, “Whatever happened out there, robbery was not part of it ... It’s not there.” In the same way, Mr. Strauss cogently and persuasively argued at Mr. Terrell’s second trial that the government’s evidence of an armed robbery was “guess work.” Then for some reason, not apparent from the record at Mr. Terrell’s third trial, Mr. Strauss did not challenge the State’s assertion of an armed robbery. Rather, Mr. Strauss acknowledged to the jury that “[tjhere was a crime probably of robbery intended, whatever.” It is true that again in the third trial, Mr. Strauss made some attempts to shed doubt on the evidence of the robbery during cross-examination of the State’s witnesses. But he did not build upon this cross-examination by dedicating a portion of his closing argument to explain why there was insufficient evidence of an armed robbery. Indeed, the only time that he mentioned the armed robbery was when he acknowledged to the jury that there had been a robbery. On this record, and if I were deciding this case de novo, I would find that Mr. Terrell’s counsel conceded the armed robbery aggravator during his closing argument.
Also if I were deciding the issue in the first instance, I would find that Mr. Strauss was ineffective for abandoning the strategy which had twice been so successful for Mr. Terrell. Indeed, I would agree with Mr. Terrell that when his counsel conceded the' robbery, his performance was constitutionally deficient. I am simply hard pressed to understand why Mr. Strauss felt that it was necessary or beneficial to abandon a strategy that had been successful in not one but both of Mr. Terrell’s earlier trials. It is true that Mr. Strauss’s strategy at the penalty phase was to emphasize residual doubt regarding Mr. Terrell’s guilt. But I see no reason why this strategy required a concession on the armed robbery. Indeed, Mr. Strauss effectively argued at the second trial that there had been no armed robbery and that Mr. Terrell was not involved in the murder. Based upon these specifics of this record, and if I were reviewing this case de novo, I would find that counsel’s performance at Mr. Terrell’s third trial was deficient.
*1272 However, I am not deciding this case in the first instance. My statutory role permits me only to review the findings of the highest court of the State of Georgia for reasonableness. Because I cannot conclude that the Georgia Supreme Court’s factual finding on this was “an unreasonable determination of the facts,” see 28 U.S.C. § 2254(d)(2), I must concur with the majority of my panel members that Mr. Terrell has failed to establish that his attorney was deficient.
II.
My deeper concern arises from the Georgia Supreme Court’s analysis of the prejudice prong of Mr. Terrell’s Strickland claim. The Georgia high court made its prejudice determination by asking whether there was a “reasonable probability” that the jury would have changed its finding about “the existence of an armed robbery,” even if Mr. Strauss had advocated at the third trial on the issue of the armed robbery in the same way he had at the first two trials. Terrell III, 679 S.E.2d at 21 (emphasis added). Said another way, the Georgia Supreme Court’s inquiry was whether Mr. Terrell’s eligibility for the death penalty was affected by his counsel’s performance. But this is not the proper inquiry required under clearly established Supreme Court precedent.
In reviewing a record for prejudice during the sentencing phase of a capital trial, we are required to reweigh all of the evidence, new and old, good and bad, and determine as best we can, the probability of a different outcome. See Porter v. McCollum, 558 U.S. 30, 41, 130 S.Ct. 447, 453-54, 175 L.Ed.2d 398 (2009) (per cu-riam) (“To assess that probability, we consider the totality of the available mitigation evidence — both that adduced at trial, and the evidence adduced in the habeas proceeding and reweig[h] it against the evidence in aggravation.” (quotation marks omitted)); see also Sears v. Upton, 561 U.S. 945, -, 130 S.Ct. 3259, 3266-67, 177 L.Ed.2d 1025 (2010) (per curiam); Wong v. Belmontes, 558 U.S. 15, 26, 130 S.Ct. 383, 390, 175 L.Ed.2d 328 (2009) (per curiam). As a result, the Georgia Supreme Court should have inquired into how counsel’s concession of the armed robbery affected the jury’s decision to sentence Mr. Terrell to death — not whether the jury would have, or could have, found the armed robbery aggravating factor in any event. Again, I make this point because of the importance of applying the proper standard in these cases going forward.
I have agreed with the majority of this panel that, based upon the findings of the Georgia Supreme Court, Mr. Terrell cannot establish deficient performance by his counsel at his third trial. No finding about prejudice is therefore necessary. On this record, I concur with the majority’s decision affirming the District Court’s denial of habeas relief to Mr. Terrell.